**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,　　　　　　　CRIMINAL NO. 15-20563

　　　　　Plaintiff,　　　　　　　　　　　　HON. DAVID M. LAWSON

v.

TAMAR KAREB-ANDRE WATKINS,

　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　/

**GOVERNMENT'S SENTENCING MEMORANDUM**

Pursuant to the Court's Standing Order Prescribing Sentencing Procedures, the government submits its memorandum to assist the Court in the sentencing of Defendant Tamar Watkins. On December 8, 2015, Mr. Watkins, who has a prior state conviction for murder, pleaded guilty to one count of Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1). (Dkt. No. 26). At the time of the plea hearing, the parties disputed the guideline calculation in the Rule 11 Plea Agreement based on the application of United States Sentencing Guideline Section 2K2.1(b)(4). (Dkt. No. 26 at 4.) The government calculated a guideline range of 37 to 46 months; Mr. Watkins, through his counsel, calculated a guideline range of 30 to 37 months.[1] (*Id.*) The probation

---

[1] In his sentencing memorandum, Mr. Watkins concedes that the appropriate sentencing guideline calculation is 37 to 46 months. (Dkt. No. 29 at 2.)

1

officer calculated the same guideline range as the government: 37 to 46 months. (*See* Presentence Investigation Report (PSR) at ¶¶ 59-60). As set forth below, the government recommends a sentence of 37 months.

## I. Factual Background

In the late night hours of July 6, 2015, law enforcement officers executed a search warrant on Detroit's northwest side. (PSR ¶ 10.) The officers had been investigating an illegal drug trafficking target (not Mr. Watkins) when their investigation led them to a home in Detroit's northwest neighborhood. (PSR ¶ 10.)

When law enforcement entered the house, they encountered and detained a male subject, later identified as Mr. Watkins, at the front door and a female subject in the doorway of the northwest bedroom. (PSR ¶ 10.) Officers located a black Taurus model PT1911 semi-auto pistol, .45 ACP caliber with a loaded magazine on the floor of the northwest bedroom and a .45 caliber cartridge on the floor outside of the bedroom. (PSR ¶ 11.) Officers found and also seized the following:

- Three plastic bags containing approximately 75 grams of marijuana (northeast bedroom);

- Documents in Mr. Watkins' name, including a medical marijuana application (northeast bedroom);

- Drug packaging materials, including, but not limited to, two boxes of plastic sandwich bags and two digital scales (kitchen) and a box of Ziploc vacuum bags and a Ziploc bag vacuum sealer (northeast bedroom); and

- $1,359.00 USD (Mr. Watkins' person).

(PSR ¶ 12; *see also* Dkt. No. 1 at 3-4.)  The same night, Mr. Watkins waived his *Miranda* rights and provided a statement to investigators in which he admitted possessing the pistol found in the home, among other things.  (PSR ¶ 13.)

## II.   Procedural History

On September 10, 2015, a grand jury indicted Mr. Watkins on a one-count indictment, charging him with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  (Dkt. No. 14.)  On December 8, 2015, Mr. Watkins entered a guilty plea pursuant to a Rule 11 plea agreement with the government.  (Dkt. No. 26.)  The Court scheduled Mr. Watkins' sentencing for April 27, 2016 at 2:00 p.m. (Dkt. Entry Mar. 4, 2016.)

## III.   Sentencing Factors

The Supreme Court of the United States has held that the United States Sentencing Guidelines are advisory, not mandatory, and that a sentencing district judge may not presume that the guidelines range is reasonable. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).  However, the Supreme Court has stated:

> As we explained in *Rita,* district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *See* 551 U.S. at ----, 127 S.Ct. 2456.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

*Gall*, 128 S.Ct. at 596.

A district judge is required to consider all of the sentencing factors listed in 18 U.S.C. § 3553(a) and make an "individualized assessment" based on the factors present to determine the appropriate sentence. *Id.* at 597. The district judge must make sure that a deviation from the guidelines range is justified by "sufficiently compelling" circumstances. *Id.* The Supreme Court stated, "We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Id.*

The sentencing factors the Court must consider are:

(1) The nature and circumstance of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to:

    (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;

    (B) afford adequate deterrence to criminal conduct;

    (C) protect the public from further crimes of the defendant; and

    (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The Sentencing Guidelines;

(5) Sentencing Guideline policy statements;

(6) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct;

(7) The need to provide restitution to victims of the offense.

18 U.S.C. § 3553(a). The most relevant factors are set forth below.

### A. The Circumstances of the Offense and History of the Defendant

The offense conduct in this case was serious. Mr. Watkins possessed a firearm in a home that was a target of a federal drug trafficking investigation. Indeed, Mr. Watkins' offense conduct could have resulted in more serious collateral consequences.

While Mr. Watkins maintains that he has the support of his family, but his criminal history, which involves both drugs and murder, is also very serious and should not be ignored when fashioning a sentence. (PSR ¶¶ 30-32; 44-46.)

### B. The Need for Deterrence and Incapacitation

Mr. Watkins served approximately 15 years in the Illinois state correctional system and has been has subject to supervision under both Illinois and Michigan state correctional systems. None of these punishments have deterred Mr. Watkins from continued criminal conduct.

A prison sentence of 37 months (i.e., three years) will prevent Mr. Watkins from committing additional crimes against the public during his incarceration and deter him from future criminal conduct after his release. The government submits

that a three-year custodial sentence will send Mr. Watkins that he should cease his criminal lifestyle.

### C. The Sentencing Guidelines

The parties did not agree on the sentencing guideline range in the Rule 11 Plea Agreement. (Dkt. No. 26.) The government applied a two-level enhancement under Section 2K2.1(b)(4) because the pistol involved in the instant offense was stolen. Therefore, the government found that Mr. Watkins' guideline calculation was 37 to 46 months based on a total offense level of 19 and a criminal history category of III.[2] (Dkt. No. 26 at 17.) While Mr. Watkins, through his counsel, now agrees with this sentencing guideline calculation, at the plea hearing, he maintained that the two-level increase did not apply because at the time Mr. Watkins possessed the firearm, he did not know that the firearm was stolen. (Dkt. Entry Dec. 8, 2015.) But Mr. Watkins' argument was wrong.

Section 2K2.1(a)(4)(a) provides a base offense level of 20 when a defendant with one prior felony conviction for either a crime of violence or a controlled substance offense is convicted of possessing a firearm. Section 2K2.1(b)(4)(a) provides, however, that if a firearm is stolen, the offense level should be increased by two levels. As the application notes specify, this enhancement applies "whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G.

---

[2] The probation officer calculated the same sentencing guideline range. (PSR ¶ 59.)

§ 2K2.1 cmt. N. 8(B); *see also United States v. Murphy*, 96 F.3d 846 (6th Cir. 1996) (holding that the Section 2K2.1(b)(4) sentencing enhancement may be applied to a defendant even if the defendant is not aware the gun is stolen).

Therefore, the application of the Section 2K2.1(b)(4) sentencing enhancement to Mr. Watkins' offense conduct was proper. His sentencing guideline range is 37 to 46 months.

**IV.   Conclusion**

For the foregoing reasons, the Court should sentence Mr. Watkins to 37 months' imprisonment.

                                          Respectfully submitted,

                                          BARBARA L. MCQUADE
                                          United States Attorney

                                          */s/ Erin J. Hendrix*
                                          Assistant United States Attorney
                                          211 W. Fort Street, Suite 2001
                                          Detroit, MI  48226
                                          Phone:  (313) 226-9626
                                          E-Mail: erin.hendrix@usdoj.gov
                                          Bar No. P73640

Dated:  April 20, 2016

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Claude Chapman, Esq.
> 18004 Roselawn Street
> Detroit, Michigan 48221
> Cchapman819@ameritech.net

>  */s/ Erin J. Hendrix*
> Assistant U.S. Attorney
> United States Attorney's Office